UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DOWLING CARR, ET AL.** | \* | **CIVIL ACTION** |
| **VERSUS** | \* | **NUMBER: 07-6774** |
| **ROBERT KEY, ET AL.** | \* | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 9). For the following reasons, the Plaintiffs' motion is now GRANTED, and this matter will be REMANDED to state court.

**I.    BACKGROUND**

This case arises from a four-car accident that took place on September 12, 2006 in New Orleans, LA. Dowling and Imogene Carr ("Plaintiffs") were traveling north on Jackson Avenue between St. Charles Avenue and Carondelet Street when their vehicle was struck from behind by Robert Key, driving a 1993 Ford F-350 pickup truck with an attached trailer. Key was operating this truck in the scope of his employment for Mom & Son's Grapple Service. According to the Plaintiffs, defendant Norman Coscino invaded Mr. Key's lane of traffic and struck his trailer causing Mr. Key to hit the Plaintiffs' vehicle. Plaintiffs also allege that defendant Cartia Mitchell may have caused or contributed to the collision by abruptly stopping the River Parish garbage truck he was driving ahead of the Plaintiffs, creating a hazard for other drivers.

On July 9, 2007, Plaintiffs filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against the following parties: Mr. Key, his insurer Progressive Express

1

Insurance Company ("Progressive"), and his employer Mom & Son's Grapple Service; Mr. Coscino and his insurer Allstate Insurance Company; Mr. Mitchell, his employer River Parish Disposal, Inc., and his insurer Liberty Mutual Insurance Company; and State Farm Mutual Automobile Insurance Company, which allegedly provided uninsured motorist coverage.

On October 12, 2007, Progressive removed the case to federal court based upon diversity jurisdiction under 28 U.S.C. § 1332.  Progressive notes that the Plaintiffs are citizens of Louisiana and that Mr. Key, Mom & Son's Grapple Service, and Progressive are all citizens of Florida. Progressive contends that the Court should ignore the citizenship of the other defendants, some of whom are citizens of Louisiana, because the remaining defendants were fraudulently joined. Progressive argues that Mr. Coscino and Mr. Mitchell were improperly joined because they clearly had no fault in the accident, relying primarily on its own acceptance of total fault on behalf of Mr. Key.

On November 13, 2007 the Plaintiffs filed the instant motion to remand.  The Plaintiffs argue that Progressive's removal was improper because Mr. Coscino and Mr. Mitchell are properly joined defendants and therefore their Louisiana citizenship destroys the Court's subject matter jurisdiction.  In the alternative, the Plaintiffs argue that Progressive's removal was untimely.  Progressive responds that the Plaintiffs' motion is untimely and thus that they have waived all of their arguments in support of remand.

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of

remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-removing party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Progressive contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiffs and the properly joined defendants, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  The Plaintiffs do not contest the amount-in-controversy requirement, but argue that diversity of citizenship does not exist.

Specifically, Progressive asserts that diversity jurisdiction exists because Mr. Coscino and Mr. Mitchell, the non-diverse defendants, were fraudulently joined and that therefore the Court must disregard the citizenship of these defendants.  "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  The removing party can only  satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts."  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility . . . must be reasonable not merely theoretical."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

Plaintiffs assert that according to the police report, Mr. Coscino entered Mr. Key's lane and struck his trailer, causing Mr. Key's truck to strike the Plaintiffs' vehicle. If the Plaintiffs' assertion is true, then Progressive's acceptance of fault on Mr. Key's behalf does not eliminate the possibility that the Plaintiffs could have a viable claim against Mr. Coscino. Similarly, the Plaintiffs' claims against Mr. Mitchell and his employer, based on the allegation that Mr. Mitchell negligently created a hazard which could not be reasonably avoided, do not disappear simply because Progressive has accepted fault on Mr. Key's behalf. Even if the Plaintiffs' version of the facts seems unlikely or the chance of recovery against either or both of these non-diverse defendants is small, if there is any possibility that the Plaintiffs have stated a valid cause of action against the non-diverse defendants then there is no fraudulent joiner and the case must be remanded. *Great Plains*, 313 F.3d at 312; *Burden*, 60 F.3d at 217. Based on the above allegations, the Court finds that there is a possibility that the Plaintiffs' claims against Mr. Coscino and Mr. Mitchell are viable. Thus, the Court finds that these parties are not improperly joined and that diversity jurisdiction does not exist.[1]

## III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand (Rec. Doc. 9) is GRANTED and that pursuant to 28 U.S.C. § 1447(c) this matter is hereby

---

[1] Progressive's contention that the Plaintiffs have waived the above arguments is without merit. Indeed, Progressive's reliance on *In re Shell Oil Co.*, 932 F.2d 1518 (5th Cir. 1991), is misplaced, as that case involved a procedural defect in removal, namely removal by a forum-state defendant. By contrast, the issue presented in the instant case is whether or not the Court has subject matter jurisdiction, and thus the timeliness of the motion to remand is irrelevant. *See, e.g., Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-46 (5th Cir. 1991). The Court is under a continuing duty to assess whether jurisdiction exists over the disputes brought before it.
  Finally, having found jurisdiction to be lacking, the Court need not address the Plaintiffs' alternative arguments in support of remand.

REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 28th day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE